UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                        Case No. 03-33157-DHW
                                             Chapter 13
WILLARD TILL and
MARY DORRIS TILL,

       Debtors.

_____

WILLARD TILL and
MARY DORRIS TILL,

       Plaintiffs,
  v.                                      Adv. Proc. No. 07-03001-DHW

CITICAPITAL COMMERCIAL
CORPORATION,

       Defendant.

## MEMORANDUM OPINION

Before the court is CitiCapital Commercial Corporation's ("CitiCapital") motion for summary judgment (Doc. #12). The plaintiffs, Willard and Mary Dorris Till, filed a response (Doc. #15) in opposition to the motion which was heard on August 20, 2007. Following the hearing, the court took the motion under submission. For the following reasons, summary judgment is due to enter in favor of the plaintiffs.

### Jurisdiction

Jurisdiction in this adversary proceeding is conferred upon this court by 11 U.S.C. § 1334 and by the order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Further, because plaintiffs seek turnover of money or property of the estate pursuant to 11 U.S.C. § 542, this is a core proceeding thereby extending the court's jurisdiction to the entry of a final order or judgment. *See* 28 U.S.C. § 157(b)(2)(E).

## Facts and Procedural History

The Tills filed a chapter 13 petition for relief in this court on October 15, 2003 (Doc. #1). In the schedules accompanying their petition, the Tills listed CitiCapital as a secured creditor having a security interest in a 1994 International truck. The value of the International truck was shown as $10,000.00. The debt to CitiCapital, however, was listed at just $1,000.00 and denominated as "Unliquidated." *See* Doc. #1, Schedule D-Creditors Holding Secured Claims.

On November 10, 2003, CitiCapital filed a timely proof of claim for $7,977.84, noting that the value of its collateral was $7,125.00. On that same date, CitiCapital filed a motion for relief from stay (Doc. #10) contending that its claim against the debtors as of the petition date totaled $7,977.84. *See* Doc. #10, paragraph 5.[1]

Nevertheless, the Tills filed an amended plan on November 26, 2003 (Doc. #16) continuing to value the collateral at $10,000.00 and reflecting the amount of the debt at only $1,000.00. The plan proposed to pay the $1,000.00 debt, together with interest at 11%, at the rate of $38.49 per month. The plan as amended was confirmed without objection on December 3, 2003 (Doc. #18).

On March 25, 2004, the Tills filed a motion to modify the plan (Doc. #35). Clearly, the purpose was to reconcile the disparity between the confirmed plan and CitiCapital's proof of claim. Specifically, the Till's modified plan changed not only the value of the collateral from $10,000.00 to $7,125.00, in keeping with CitiCapital's claim, but also recognized the amount of CitiCapital's claim at $7,978.00. Further, the monthly payment proposed on the claim was increased from $38.49 per month to $252.31 per month. *See* Doc. #35. The modified plan was confirmed without objection, and the debtors paid the secured claim in full through the chapter 13 trustee.

Over one and one-half years later, in November 2005, the debtors filed an objection to the claim of CitiCapital contending that the account had been overcharged by almost $4,000.00 (Doc. #72). The alleged overcharge occurred

---

[1] The motion for relief from stay was ultimately withdrawn (Doc. #47).

2

prior to the Tills' filing for bankruptcy relief. Pursuant to this court's local rule, LBR 3007-1, the objection to the claim was sustained when CitiCapital failed to file any response (Doc. #73).[2]

On August 15, 2006, the debtors filed a motion to require CitiCapital to turn over the funds paid by the trustee in excess of the now reduced claim (Doc. #81). Following a hearing on that motion at which CitiCapital did not appear, the motion was granted by order dated September 5, 2006, and CitiCapital was ordered to refund to the trustee the sum of $3,136.08 (Doc. #84).

When CitiCapital failed to remit the funds in question, the Tills filed the instant adversary proceeding on January 3, 2007 seeking turnover of the money. (Doc. #86).

## Conclusions of Law

In this case, it is hard to find for either party when much of what has occurred is a result of inconsistency, apathy, or inaction by each. In effect, both parties are asking the court to remedy a result that was of their own making.

First, consider the actions of the debtors. At the time the original plan was confirmed, the debtors knew the plan as proposed was not feasible due to the claim of CitiCapital. Particularly, prior to confirmation, CitiCapital had not only filed a proof of claim but had also filed a motion for relief from stay. Both the claim and the motion reflected a debt of over $7,000.00 – a far cry from the $1,000.00 provided for by the debtors' plan. Yet, the debtors allowed the plan to be confirmed with this obvious discrepancy unaddressed.

Further, rather than objecting to CitiCapital's claim, the debtors moved to modify the plan within just a few months after the original confirmation. That modification was obviously designed to correct the discrepancy between the

---

[2] The court notes that CitiCapital complains that the debtors' objection to its claim was sent to a lock box address in Dallas, Texas and was not served on the creditor's attorney of record. However, the court file reflects that the creditor's attorney of record received electronic notice of both the objection and the order sustaining the objection to the claim.

3

Case 07-03001    Doc 16    Filed 08/23/07    Entered 08/23/07 16:48:04    Desc Main
Document      Page 3 of 5

original plan and CitiCapital's proof of claim. The modification mimicked the CitiCapital claim and reconciled the plan to that claim.

Finally, the debtors waited for over a year and one-half from approval of the modification before filing an objection to the claim of CitiCapital. All the while, the trustee had been disbursing funds to CitiCapital in accordance with the confirmed plan. The debtors knew that the trustee was making these disbursements yet failed to bring an objection to the creditor's claim until the horse was well outside of the barn.

But also consider the apathy and inaction of CitiCapital. It sat idly by failing to respond to the objection to its claim. The result was the entry of an order sustaining the objection under this court's negative notice rules. Further, CitiCapital did not appear at the hearing on the motion seeking turnover of the alleged overpayment of the claim. That failure resulted in an order requiring turnover. CitiCapital has neither complied with nor sought relief from that order.

In short, CitiCapital has at least twice absented itself from participating in this case. CitiCapital is aroused to action only at the eleventh hour asking this court to rectify matters that could have earlier been resolved had it merely participated in these proceedings.

A proof of claim, properly filed, enjoys prima facie validity as to its amount. *See* Fed. R. Bankr. Proc. 3001(f). Therefore, the objecting party has the burden of producing evidence sufficient to meet the evidentiary weight accorded to the claim under the Rules. Although there is a shifting burden of proof in a claims contest, the ultimate burden of persuasion rests upon the creditor. *In re Allegheny Int'l, Inc.,* 954 F.2d 167 (3rd Cir. 1992). In the case at bar, the debtors, through their verified objection to CitiCapital's claim, alleged sufficient evidence to rebut the presumption of validity as to the amount of that claim. The burden of proof, thereafter, shifted to CitiCapital to prove the amount of its claim. That it has failed to do.

In this motion for summary judgment, CitiCapital is actually asserting a defense to the debtors' objection to its claim. As previously noted, CitiCapital has not sought relief, under either Fed. R. Civ. Proc. 59 or 60, from this court's

4

September 5, 2006 order requiring it to refund $3,136.08.[3]  That order has become final and non-appealable.

## Conclusion

For these reasons, the defendant's motion for summary judgment is not well taken. However, there is no genuine issue of material fact, and judgment is due to enter in favor of the plaintiffs as a matter of law. Pursuant to Fed. R. Bankr. Proc. 9021 a separate order consistent with this memorandum opinion will enter.

Done this the 23rd day of August, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Vonda S. McLeod, Plaintiff/Debtors' Attorney
   Eric J. Breithaupt, Defendant's Attorney
   Curtis C. Reding, Trustee

---

[3] Fed. R. Civ. Proc. 59 and 60 are made applicable to bankruptcy cases by Fed. R. Bankr. Proc. 9023 and 9024, respectively.